Case 4:20-cr-00009-EKD   Document 123   Filed 04/06/21   Page 1 of 4   Pageid#: 537

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 06 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 4:20-cr-00009-004 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| NOE SALVADOR BECERRA-GONZALEZ | ) | United States District Judge |

**MEMORANDUM OPINION & ORDER**

Pending before the court is the United States' motion for inquiry to resolve a possible conflict of interest involving attorney John Haugh, counsel for defendant Noe Salvador Becerra-Gonzalez. (Dkt. No. 117.) Haugh has filed a response to this motion, agreeing with the facts as presented by the government and denying any conflict of interest. (Dkt. No. 122.) The court has completed an inquiry into this matter and finds that there is no conflict of interest regarding Haugh's representation of Becerra-Gonzalez. For the reasons stated below, the court will dismiss the motion for inquiry.

I.  BACKGROUND

Becerra-Gonzalez, a defendant in this case, has been charged with conspiracy to launder money. (Dkt. No. 36.) According to the government, and, for these purposes, not disputed by defendant, he is alleged to have received the proceeds from drug distribution and transmitted those proceeds to a drug trafficking cartel which operates in Axton, Virginia. Rogelio Santacruz-Godinez, a defendant in a different case (Case No. 3:18-cr-12, Northern District of West Virginia), was charged in a federal drug trafficking conspiracy. Santacruz-Godinez communicated and arranged for the shipment of cocaine from Axton, Virginia, to Winchester, Virginia, and West Virginia. Attorney Thomas Fagerberg represented Santacruz-Godinez, who has been convicted and is serving a criminal justice sentence.

Counsel for defendant, Haugh, represents in his response that he and attorney Fagerberg have known each other for over 25 years. (Dkt. No. 122.) In April 2018, "Fagerberg contacted [Haugh] to inform him that a de-brief was scheduled to take place in West Virginia between [] Santacruz-Godinez and government agents []." "Fagerberg advised he would be flying into Dulles airport and asked if [Haugh] would want to accompany him as an opportunity to catch up and discuss the possibility of handling cases together in the future." At that time, Haugh was retired and not actively practicing law.

They met at Dulles and drove to West Virginia, but they did not discuss the specifics of Santacruz-Godinez's case. While Haugh accompanied Fagerberg to the jail and was present in the large common space where Santacruz-Godinez and Fagerberg met and spoke, Fagerberg and his client spoke Spanish during their entire conversation. Haugh did not participate and does not speak Spanish. When Assistant United States Attorney Erin Herrigan and other government agents arrived, they were informed that Haugh was not representing the Fagerberg's client, and, at their request, Haugh left the room.

The government's motion for inquiry questions whether Haugh's presence at the April 2018 meeting between Fagerberg and Santacruz-Godinez may create a conflict of interest for Haugh's representation of Becerra-Gonzalez. Haugh represents that he never formed an attorney-client relationship with Santacruz-Godinez nor obtained any information from Santacruz-Godinez that could be considered privileged. Further, Haugh states that he contacted the Virginia State Bar to inquire whether a conflict exists, and he "was informed that based on the above stated facts [] no conflict exists because an attorney-client relationship was never established with Mr. Santacruz-Godinez."

## II.  DISCUSSION

Attorneys practicing in the Western District of Virginia are required to comply with the Virginia Rules of Professional Conduct.  Standing Order, In re: Amendment to Rule IV – Standards for Professional Conduct of Federal Rules of Disciplinary Enforcement (W.D. Va. June 16, 2016). Virginia Rule of Professional Conduct 1.7 covers conflicts of interest and it states:

> (a) Except as otherwise provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client consents after consultation, and:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) the consent from the client is memorialized in writing.

Similarly, Virginia Rule of Professional Conduct 1.9(a) states:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation.

Where an attorney has a conflict of interest due to a current or former client, the attorney must have formed an attorney-client relationship with that client.  "It has also been said that an attorney-client relationship is created if the attorney has been consulted in his or her professional capacity for legal advice."  *Sharp v. Sharp*, No. 02-74, 2006 WL 3088067, at *1, *14 (Va. Cir. Ct. Oct. 26, 2006) (quotations omitted).  "No retainer fee need have been paid, and the

3

communication need not have been made in the courtroom or the attorney's office in order for there to be an attorney-client relationship." *Id.* In other words, "the relation of attorney and client exists, and one is deemed to be practicing law, whenever he furnishes to another advice or service under circumstances which imply his possession and use of legal knowledge or skill." *Id.* (citing *Rountree Corp. v. Evans,* 8 Va. Cir. 477, 480–1 (1967)).

Here, Haugh never formed an attorney-client relationship with Santacruz-Godinez. Santacruz-Godinez did not consult Haugh for legal advice nor communicate with Haugh. In addition, Haugh was not working with Fagerberg when Fagerberg represented Santacruz-Godinez. As the Virginia State Bar concluded, Haugh has no conflict in this case because he never formed an attorney-client relationship with Santacruz-Godinez. This court agrees.

### III.  CONCLUSION

For the above stated reasons, it is hereby ORDERED that the government's motion for inquiry as to a conflict of interest (Dkt. No. 117.) is DISMISSED.

Entered: April 6, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge